**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| ALLERGAN, INC., | § | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2-09-cv-97 (TJW) |
| | § | |
| SANDOZ INC., | § | |
|     Defendant. | § | |
| | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Pending before the court is Defendant Sandoz Inc.'s ("Sandoz") Motion to Strike Plaintiff's Jury Demand.  [Dkt. No. 34]  Having considered the parties' motions and arguments, the Court is of the opinion that the motion should be DENIED.

Plaintiff Allergan, Inc. ("Allergan") brought this action is response to Sandoz's submission of an Abbreviated New Drug Application ("ANDA") for approval of a generic version of Allergan's COMBIGAN drug.  Sandoz filed for approval before the expiration of Allergan's patent for COMBIGAN and was therefore required to notify Allergan of the legal bases for its application.  *See* 21 U.S.C § 355(j)(2)(A)(vii)(IV).  As permitted by the Hatch-Waxman Act, Allergan filed this lawsuit within forty-five days of Sandoz's notice, thereby triggering a stay prohibiting the FDA from approving the ANDA for thirty months or until a court finds the patent invalid or not infringed, whichever occurs earlier.  *See* 21 U.S.C. § 355(j)(5)(B)(iii).  That stay expires on August 23, 2011.

In this case, damages are not currently available to Allergan because there has been no "commercial manufacture, use, offer to sell, or sale within the United States or importation into the United States of an approved drug . . . ."  35 U.S.C. § 271(e)(4)(C).  Sandoz argues that Allergan

is not entitled to a jury trial because Allergan's claims are limited to equitable relief. Allergan, on the other hand, argues that even though Sandoz has not yet engaged in activities that would entitle it to a jury trial, there remains a risk that Sandoz will receive FDA approval, manufacture, sell, and offer to sell its generic drug before the conclusion of this trial. This Court has scheduled jury selection on April 4, 2012. As the thirty-month stay expires in August 2011, there remains a possibility that Sandoz will receive approval for its generic drug and engage in infringing activities before the conclusion of trial. The Court is of the opinion that striking Allergan's jury demand at this time is premature. Sandoz's motion is therefore DENIED.

It is SO ORDERED.

SIGNED this  5th  day of January, 2010.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE