IN THE UNITED STATES DISTR7ICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| ALLERGAN, INC., | § | |
| --- | --- | --- |
| | § | |
| v. | § | CIVIL ACTION NO. 2:09-cv-97 |
| | § | |
| SANDOZ INC., | § | |
| ALLERGAN, INC., | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:09-cv-182 |
| | § | |
| HI-TECH PHARMACAL CO., INC., | § | |
| ALLERGAN, INC., | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:09-cv-348 |
| | § | |
| ALCON LABORATORIES, INC., et al., | § | |
| ALLERGAN, INC., | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:10-cv-200 |
| | § | |
| APOTEX INC. and APOTEX CORP. | § | |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiff's Allergan, Inc. ("Allergan") Motion for Sanctions for Defendants' Violation of the Court Entered Protective Order (Dkt. No 179), and Defendants' Sandoz, Inc., Alcon Laboratories, Inc., Alcon Research, Ltd., Alcon, Inc., Falcon Pharmaceuticals, Ltd., Apotex, Inc., Apotex Corp., and Watson Laboratories, Inc. ("Defendants") Emergency Motion to Qualify Dr. Richard Kay Under the Protective Order (Dkt. No. 188). The Court GRANTS Allergan's motion for sanctions and DENIES Defendants' Emergency Motion to Qualify Dr. Richard Kay. The Court STRIKES the expert report of Dr. Kay and precludes Dr. Kay from testifying at trial. In addition, the Court STRIKES any portion of Defendants' other expert reports that rely on Dr. Kay's opinions or expert report, and precludes Defendants' experts from offering testimony that relies on Dr. Kay's opinions or

1

expert report.

I. **Background**

The Court entered the parties' Stipulated Protective Order on March 14, 2011. (Dkt. No. 142.) Under the Protective Order, the Receiving Party must serve written notice on the Producing Party before disclosing confidential information to the Receiving Party's consultant or expert. The written notice provides the Producing Party with the opportunity to object to the disclosure of its confidential information before it is given to a consultant or expert. Defendants disclosed 9 of their 10 potential experts in this case in accordance with the Protective Order. Defendants, however, did not disclose Dr. Richard Kay, a biostatistician and former Allergan consultant, to Allergan. Instead, on May 27, 2011, Defendants served Allergan with the Expert Report of Richard Kay, Ph.D., despite having failed to disclose him to Allergan or provide Allergan with the notice and opportunity to object as required under the Protective Order.

Defendants do not dispute that Dr. Kay's report relies on and analyzes Allergan's confidential information, including a number of Allergan's clinical study, all of which were produced by Allergan as confidential information pursuant to the Protective Order. Allergan alerted Defendants to the violation of the Protective Order on Tuesday, May 31, 2011. Defendants then disclosed Dr. Kay and provide the information required by paragraph 6(a) of the Protective Order. Defendants provided this information on Wednesday, June 1, 2011, five days after serving the report in which Dr. Kay discussed his analysis of Allergan's confidential information. Defendants admit that they violated this Court's Protective Order by giving Dr. Kay Allergan's confidential information without first disclosing Dr. Kay to Allergan. Defendants represent to the Court that they intended to disclose Dr. Kay in April, but through an inadvertent oversight, failed to do so.

## II.   Legal Standard for Sanctions

Federal Rule of Civil Procedure 37 authorizes sanctions for failure to comply with discovery orders, such as protective orders. This Court may bar the disobedient party from introducing evidence, or it may direct that certain facts shall be "taken to be established for purposes of the action . . . ."  Rule 37 also permits this court to strike claims from the pleadings and even to "dismiss the action . . . or render a judgment by default against the disobedient party." *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 763 (1980).  "Rule 37 sanctions must be applied diligently both 'to penalize those whose conduct may be deemed to warrant such a sanction, [and] to deter those who might be tempted to such conduct in the absence of such a deterrent.'" *Id.* at 763-64 (citation omitted).

Rule 37(b)(2) requires that any sanction be just and that the sanction must be related to the particular claim which was at issue in the order to provide discovery. *Compaq Computer Corp. v. Ergonome Inc.*, 387 F.3d 403, 413 (5th Cir. 2004) (citations omitted) (sanction was a finding of alter ego rooted in party's behavior regarding discovery related to the alter ego issue). Further, the penalized party's discovery violation must be willful. *United States v. $ 49,000 Currency*, 330 F.3d 371, 376 (5th Cir. 2003).  Finally, a severe sanction under Rule 37 is only to be employed where a lesser sanction would not substantially achieve the desired deterrent effect. *Id.*

In addition to Rule 37, this court also has inherent powers to enter sanctions.  The inherent powers of this Court are those which "are necessary to the exercise of all others." *Roadway Express,* 447 U.S. at 764 (citation omitted).  The contempt sanction is the most prominent inherent power, "which a judge must have and exercise in protecting the due and orderly administration of justice and in maintaining the authority and dignity of the court." *Id.* (citation omitted).  The Fifth Circuit has recognized that the inherent power "is necessarily

incident to the judicial power granted under Article III of the Constitution." *Gonzalez v. Trinity Marine Group, Inc.,* 117 F.3d 894, 898 (5th Cir. 1997) (quoting *Woodson v. Surgitek, Inc*., 57 F.3d 1406 (5th Cir.1995)). When inherent powers are invoked, however, they must be exercised with "restraint and discretion." *Id*. Therefore, severe sanctions should be confined to instances of "bad faith or willful abuse of the judicial process." *Id.* In any event, when parties exploit the judicial process, a court may sanction conduct beyond the reach of other rules. *Natural Gas Pipeline v. Energy Gathering, Inc.,* 2 F.3d 1397, 1407 (5th Cir. 1993). Finally, the Fifth Circuit has recognized "that a district court always has jurisdiction to impose sanctions designed to enforce its own rules, even after that court no longer has jurisdiction over the substance of the case." *Fleming v. Assoc. v. Newby & Tittle*, 529 F.3d 631, 638 (5th Cir. 2008); *see also Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395-396 (1990).

### III. The Court's Findings and Sanctions

The Court will consider four factors in determining whether to exclude the report and testimony of Dr. Kay. These factors are: (1) the explanation for the failure to identify the witness; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice. *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990). First, the Court finds that Defendants have failed to provide a legitimate reason for violating the Protective Order. Defendants were well aware of the process and the importance of compliance with the Order, and disclosed nine other experts under the Protective Order. The Court concludes that condoning Defendants' "inadvertent oversight" would undermine the Court's integrity and ability to enforce its own rules. Second, the Court finds that Dr. Kay's expert opinion is not absolutely critical for Defendants' case, and Defendants have two other experts who were timely disclosed and have submitted expert reports. Third, allowing Dr. Kay's expert opinion at this late stage of the case would severely prejudice

4

Allergan. Trial is scheduled to begin in less than two months and the parties are currently working on rebuttal expert reports. If Dr. Kay were allowed to testify, Allergan would have to seek out and retain a rebuttal expert and work with the expert to prepare a report in an extremely short time frame. Finally, an extension to expert discovery is not feasible at this stage of the litigation. This litigation falls within the Hatch-Waxman Act, and each of the defendants is subject to a statutorily imposed 30 month stay, preventing them from launching any of their proposed generic products. At least as to Defendant Sandoz, Inc., that statutorily imposed stay ends in late August of 2011, shortly after the trial in this matter is set to end. If trial in this matter is delayed, at least Defendant Sandoz will be able to launch its generic Combigan® product on the market prior to the resolution of Allergan's patent infringement claims against it. This could irreparably destroy the market for Combigan® and irreparably harm Allergan. Thus, a continuance of the trial would severely prejudice Allergan.

Based upon the record, the Court finds that Defendants' conduct constitutes discovery abuse. As sanction for Defendants' conduct, the Court strikes the expert report of Dr. Kay and precludes Dr. Kay from testifying at trial. The Court also strikes any portion of Defendants' other expert reports that rely on Dr. Kay's opinions or expert report, and precludes Defendants' experts from offering testimony that relies on Dr. Kay's opinions or expert report. Under the guidelines the Fifth Circuit has given for Rule 37(b)(2) sanctions, the Court finds that this sanction is "just" given the extreme prejudice that Allergan would suffer if this sanction was not imposed. This sanction will hopefully also act as a deterrent to other patent litigants that might consider engaging in similar behavior. *See Roadway Express*, 447 U.S. 764 (noting that sanctions must be applied "to deter those who might be tempted to such conduct in the absence of such a deterrent.").

## IV. CONCLUSION

In conclusion, the Court STRIKES the expert report of Dr. Kay and precludes Dr. Kay from testifying at trial. The Court also STRIKES any portion of Defendants' other expert reports that rely on Dr. Kay's opinions or expert report, and precludes Defendants' experts from offering testimony that relies on Dr. Kay's opinions or expert report. The Court has considered lesser sanctions, including monetary sanction, but finds that such sanctions would be ineffective to cure the prejudice resulting from Defendants' conduct and deter such conduct in the future. The Court further DENIES Defendants' Emergency Motion to Qualify Dr. Richard Kay.

It is so ORDERED.

SIGNED this 28th day of June, 2011.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE