## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| ALLERGAN, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 2:09-cv-97 |
| | ) | |
| SANDOZ INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| ALLERGAN, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 2:09-cv-348 |
| | ) | |
| ALCON LABORATORIES, INC., | ) | |
| ALCON RESEARCH, LTD., | ) | |
| ALCON, INC. AND FALCON | ) | |
| PHARMACEUTICALS, LTD., | ) | |
| | ) | |
| Defendants. | | |

## STIPULATION AND [PROPOSED] ORDER TO MODIFY INJUNCTION

WHEREAS, on or about August 25, 2011, this Court issued a Final Judgment and Injunction (D.I. 262) in the above-referenced matters, adjudging and ordering that, *inter alia*:

(1) Defendant Sandoz Inc.'s ("Sandoz") proposed products as described in Abbreviated New Drug Application (ANDA) No. 91-087 infringed claims 1-9 of U.S. Patent No. 7,642,258 ("the '258 Claims");

(2) Defendants Alcon Laboratories Inc.'s, Alcon Research, Ltd.'s, Alcon, Inc.'s, and Falcon Pharmaceuticals, Ltd's (collectively, "Alcon") proposed products as described in ANDA No. 91-574 infringed the '258 Claims;

(3) that the effective date of approval of Sandoz's ANDA No. 91-087 and Alcon's ANDA No. 91-574 under § 505(j) of the Federal Food, Drug & Cosmetic Act (21 U.S.C. § 355(j)) for the drug products described therein shall not be a date earlier than the latest of the expiration dates of U.S. Patent Nos. 7,030,149 (the "'149 patent"), 7,320,976 ( the "'976 patent"), 7,323,463 (the "'463 patent") and the '258 patent, plus any exclusivities afforded under the statute; and

(4) that Sandoz and Alcon, including their officers, agents, servants employees, attorneys, and any other persons who are in active concert with Defendants who receive actual notice of the order, were enjoined from making, using, offering to sell, or selling the products described in ANDA Nos. 91-087 and 91-574 within the United States or importing the described products into the United States until after the latest of the expiration dates of the '149, '976, '463 and '258 patents, plus any exclusivities afforded under the statute.

WHEREAS, on March 9, 2015, Plaintiff filed suit against Sandoz alleging infringement of the '149, '976 and '258 patents, as well as U.S. Patent No. 8,748,425 (the "'425 patent") (C.A. No. 15-cv-00347-JRG).

WHEREAS, on or about October 12, 2016, Plaintiff indicated it would no longer assert infringement of any claim of the '258 patent and has granted Defendants a covenant not to sue

2

based on seeking approval of, making, using, offering to sell or selling the products described in ANDA Nos. 91-087 and 91-574.

IT IS HEREBY STIPULATED AND ORDERED that:

1.      In view of Plaintiff's covenant not to sue, the '258 patent provides no basis for delaying the effective date of any approval of Sandoz's ANDA No. 91-087 and Alcon's ANDA No. 91-574 under §505(j) of the Federal Food, Drug & Cosmetic Act (21 U.S.C. §355(j)) for the drug products described therein;

2.      In view of Plaintiff's covenant not to sue, the '258 patent provides no basis to prevent Sandoz, Alcon, or any of their officers, agents, servants, employees, attorneys, and other persons who are in active concert or participation with Sandoz or Alcon from making, using, offering to sell, or selling the products described in Sandoz's ANDA No. 91-087 and Alcon's ANDA No. 91-574 within the United States or importing the described products into the United States;

3.      For avoidance of doubt, in view of the foregoing, paragraphs 2, 3, 7, 8, 11, and 12 of the Final Judgment and Injunction issued in the above-captioned case (D.I. 262) shall be modified to (i) remove any reference to the '258 patent, (ii) remove the '258 patent from forming any basis for enjoining the FDA from approving Sandoz's ANDA No. 91-087 and Alcon's ANDA No. 91-574 , (iii) remove the '258 patent from forming any basis for enjoining Sandoz and Alcon from making, using, offering to sell, or selling the products described in Sandoz's ANDA No. 91-087 and Alcon's ANDA No. 91-574 within the United States or importing the described products into the United States.

3

4.     This Stipulation and Order shall not be deemed as an admission that the Sandoz's

or Alcon's ANDA Products infringe (or do not infringe) the '258 patent, nor shall it serve as an

admission that the '258 patent is valid (or invalid) or enforceable (or unenforceable).

Respectfully submitted,

Dated:  October 22, 2016

By:   _/s/ Susan Morrison Coletti_                   By:   _/s/ Daniel Forchheimer_

Jonathan E. Singer (MN Bar No. 283459)          William E. Davis, III
singer@fr.com                                                     Texas Bar No. 24047416
Juanita Brooks (CA Bar No. 75934)                 BDavis@bdavisfirm.com
brooks@fr.com                                                   THE DAVIS FIRM, PC
Roger Denning (CA Bar No. 228998)                111 West Tyler Street
denning@fr.com                                                Longview, TX 75601
FISH & RICHARDSON P.C.                           Telephone: (903) 230-9090
12390 El Camino Real                                      Facsimile: (903) 230-9661
San Diego, CA 92130
Telephone: (858) 678-5070
Facsimile: (858) 678-5099                               Brian M. Kramer (_pro hac vice_)
                                                                       California Bar No. 212107
                                                                       bmkramer@mofo.com
Gregory P. Love (TX Bar No. 24013060)          MORRISON & FOERSTER LLP
greg@lovetrialfirm.com                                    12531 High Bluff Drive, Suite 100
LOVE LAW FIRM                                            San Diego, California 92130-2040
107 East Main Street                                         Telephone: (858) 720-5100
Henderson, TX 75652                                       Facsimile: (858) 720-5125
Telephone:  (903) 212-4444
Facsimile: (903) 392-2267
                                                                       John C. O'Quinn
                                                                       john.oquinn@kirkland.com
Deanna J. Reichel (MN Bar No. 0326513)         KIRKLAND & ELLIS LLP
reichel@fr.com                                                  655 Fifteenth Street, N.W.,
FISH & RICHARDSON P.C.                           Washington, D.C. 20005
60 South Sixth Street, Suite 3200                     Telephone: (202) 879-5191
Minneapolis, MN  55402                                 Facsimile: (202) 654-9592
Telephone:  (612) 335-5070
Facsimile:  (612) 288-9696
                                                                       Bryan Hales (_pro hac vice_)
                                                                       Illinois Bar No. 6243060
Susan M. Coletti (DE Bar No. 4690)               KIRKLAND & ELLIS LLP
coletti@fr.com                                                   300 North LaSalle
Santosh V. Coutinho (_Pro Hac Vice_)             Chicago, IL 60654

4

coutinho@fr.com
Robert M. Oakes (*Pro Hac Vice*)
oakes@fr.com
FISH & RICHARDSON P.C.
222 Delaware Avenue, 17th Floor
P.O. Box 1114
Wilmington, DE 19899-1114
Telephone:  (302) 652-5070
Facsimile:  (302) 652-0607

*Attorneys for Plaintiffs and Counterclaim
Defendants
ALLERGAN SALES, LLC. AND ALLERGAN,
INC*

Telephone: (312) 862-2119
Facsimile: (312) 862-2200

Daniel Forchheimer
daniel.forchheimer@kirkland.com
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

*Attorneys for Defendants and Counterclaim
Plaintiffs
SANDOZ INC., ALCON LABORATORIES, INC.
ALCON RESEARCH, LTD. and
FALCON PHARMACEUTICALS, LTD.*

SO ORDERED this __ day of _____, 2016

## <u>CERTIFICATE OF CONFERENCE</u>

In compliance with Local Rule CV-7(h), I hereby certify that counsel for Plaintiff conferred with counsel for Defendants and this submission is a joint submission.

*/s/ Susan Morrison Coletti*
Susan Morrison Coletti

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who are deemed to have consented to electronic service.  Local Rule CV-5(a)(3)(A).  Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email, on this the 22nd day of October, 2016.

*/s/ Susan Morrison Coletti*
Susan Morrison Coletti